\*HARDIN CO. (COMR'S.) v. JOSEPHINE E. COFFMAN, ADMX.

1. PETITION ESTABLISHING PLAINTIFF'S AUTHORITY TO MAINTAIN ACTION FOR WRONGFUL DEATH.

    A petition alleging that plaintiff sues as administratrix, for negligently causing death of her decedent, naming his next of kin and praying for damages, is sufficient to indicate plaintiff's authority to maintain the action.

2. PETITION WHICH STATES A GOOD CAUSE OF ACTION IN SUCH CASE.

    A petition in an action against county commissioners in their official capacity for the death of plaintiff's decedent, resulting from the fall of a defective bridge, upon a public highway, upon which decedent was travelling, riding on the water tank of an ordinary thresher engine. alleging that the defective condition of the bridge was known to defendants long prior to the accident, and that they failed to make it safe for public travel and that decedent was without negligence on his part, states a good cause of action.

3. SECTION 845, REV. STAT., IMPOSES NO NEW DUTIES ON COUNTY COMMISSIONERS. AMENDMENT SIMPLY GIVES CITIZEN RIGHT TO RECOVER.

    The county commissioners are, by sec. 845, Rev. Stat., made liable in their official capacity for negligence or carelessness in keeping a bridge in repair, but said section imposes no new duties. The board being created for the benefit of political society, the duty was imposed when the board was created, and has existed since said board became a part of our local government. The amendment to the statute simply gives the citizen the right to recover.

4. RIGHT TO RECOVER CANNOT BE DEFEATED BECAUSE NO SPECIAL FUND IS PROVIDED.

    Such a claim, when reduced to judgment, is a claim against the county, to be paid out of the county funds or from taxes levied for that purpose, and a refusal invokes compulsion by mandamus. The right to recover cannot be defeated because no special fund is designated or set apart for such purpose.

---

*The judgment in this case was reversed in Comr's v. Coffman, 60 O. S., 527. The Supreme Court held (1) That an action under sec. 845, Rev. Stat., as amended 91 O. L, 142, for failing to keep a bridge in repair, is properly brought against the board in its official capacity and that the county is bound for the judgment; whether county may have recourse to commissioners' bonds, *quaere?* (2) That commissioners are bound to the exercise of ordinary care to keep bridges in safe condition, for usual and ordinary modes of travel and transportation of property; but that ordinary care does not require them to anticipate that a bridge will be used in an unusual or extraordinary manner; (3) That in an action such as case at bar, it is for the jury to decide whether the method of using the bridge at the time of the accident was a usual and ordinary mode of travel and transportation, such as the commissioners should have anticipated and provided for; and (4) that a person about to cross a bridge in any of the usual and ordinary modes of travel has a right to assume that the bridge is safe for such use, unless its appearance or other circumstances suggest that it is defective or dangerous, but that a person who chooses to subject a bridge to an extraordinary burden takes upon himself the risk of injury thereby sustained, although the bridge was defective.

5. CITIZEN CANNOT BECOME TRESPASSER WHILE LEGALLY AND PROPERLY CON-
DUCTING HIMSELF UPON PUBLIC HIGHWAY.

A citizen cannot become a trespasser while legally and properly conducting
himself upon a public highway. A pedestrian, therefore, having permission
to ride upon the tank of an ordinary steam thresher assumes no risk, as to
injuries resulting from the falling of a defective bridge, by riding thereon, so
far as the county or the county commissioners' liability is concerned, unless
he had knowledge that the bridge upon which he travelled was unsafe.

6. CAREFUL AND CRITICAL EXAMINATION OF BRIDGES BY A PERSON SKILLED AND
COMPETENT, REQUIRED.

A careful and critical examination of a structure of that kind (a bridge), by a
man skilled and competent to do so, is only ordinary care on the part of the
commissioners. Anything less, after notice of defects or opportunity of
knowing thereof, is negligence.

7. BRIDGES MUST BE MADE SAFE FOR STEAM THRESHER ENGINES AS WELL AS
ORDINARY TRAFFIC.

That steam thresher engines are of common use, and a necessity, and that they
are moved along highways and over bridges, is a fact to which county com-
missioners cannot shut their eyes. It is, therefore, their duty to keep bridges
safe for such traffic, as well as that of ordinary teams and wagons.

ERROR to the Court of Common Pleas of Hardin county.

NORRIS, J.

The defendant in error was the plaintiff and the plaintiff in error
was the defendant in this case as presented to the court below.

As the administratrix of the estate of Freeman J. Coffman, deceased,
the plaintiff, Josephine E. Coffman, brought her action in the common
pleas of this county, to recover damages from the defendant for negli-
gently causing the death of her decedent. She alleges in her second
amended petition, that a certain county road in this county crosses the
Blanchard river, at which point was kept and maintained by defendant,
for the purposes of travel and traffic, a public county bridge. That on
July 5, 1895, the deceased, Freeman J. Coffman, was traveling along said
road with one ordinary thresher engine and water tank, and while pass-
ing over this bridge, at a point about the middle thereof, the bridge gave
way; that Coffman went down with the bridge, and sustained injuries
from which he died on July 8, 1895. She says that this bridge was built
of unfit, unsuitable and insufficient material. That the truss was of
improper design and construction. That the cross-pieces which sup-
ported the floor were unsound and defective. That the rods by which
the cross-pieces were suspended from the truss were defective. That
there were no washers at the bottom of the rods under the cross-pieces.
That the cross-pieces rested only upon a burr at the end of each rod. That
the holes through which the rods penetrated the cross-pieces were much
larger than the rods, and unfilled and exposed to the weather, and that
the wood around the rods become and was rotten and decayed. That at
the time of this accident, the beams and supports and timbers of this
bridge, by reason of these defects in its construction, and of the improper
material of which it was built, and being so exposed to the weather and
rotten and decayed, were insufficient and unsafe to sustain the travel and
and traffic that passed over the bridge.

That long prior to the time of this accident, the defendant had
knowledge of the condition of this bridge, and failed and neglected to
make the same safe for public travel.

That by reason of the condition of the bridge and the negligence of
defendant in making it safe, the bridge fell and caused Coffman's death
without any fault on Coffman's part. The petition names his next of

kin, and prays for damages.    To this second amended petition defendant filed a demurrer, which was overruled by the trial court.

And thereupon defendant answered and admits the appointment, etc., of plaintiff as administratrix; admits that the bridge was kept and maintained by defendant for public travel; admits that Coffman is dead; that those named in petition are Coffman's next of kin; but, except these, denies the allegations of the petition, and says that if Coffman was injured as claimed in the petition, it was caused wholly by his own negl'gence and without fault of defendant.

The issues, as thus made up, were presented to a jury in the trial court at the May term of the present year, which resulted in a verdict lor the plaintiff.    Defendant's motion for new trial was not allowed. Judgment was entered upon the verdict, and defendant, now as plaintiff in error seeks to reverse the proceedings of the common pleas; and lor this makes ten assignments of error in his petition in this court and in his motion for new trial in the court below.

The first reason urged is, that the common pleas erred in overruling the demurrer to the second amended petition.    The demurrer questions the capacity of plaintiff to maintain the action, and asserts that the facts stated in the petition are not sufficient to constitute a cause of action. We think the court properly overruled this demurrer.    One of the reasons urged by counsel for defendant why this demurrer should have been sustained is: That the duties of a board of county commissioners concern the public only; that in maintaining roads and highways and bridges, they owe no specific duty to any particular individual.    That the nature of these duties is such that a failure to perform them would suggest no remedy to a citizen who suffered by the neglect.    That they were to maintain this bridge and keep it sale for the public, and not for the benefit of Coffman, and if they failed, not Coffman, but the public, must complain.    And this being the case, he resorts to sec. 845, Rev. Stat., which gives him his remedy and makes the commissioners liable in their official capacity, for negligence in keeping bridges in proper repair. That while this statute suggests to him a remedy, gives him a right of action, it yet provides no method of compensation, and creates and authorizes no fund out of which a claim for injury is to be paid, and hence this action is futile, and to maintain it is a vain thing to do, and that there being no method of executing the judgment, then the action itself cannot be maintained.    In this we do not agree with counsel.

There are no new duties imposed by sec. 845, Rev. Stat.    By it boards of county commissioners are made liable in their official capacity lor negligence or carelessness in keeping a bridge in repair.    The board being created for the benefit of political society, the duty was imposed when the board was created, and has existed since such board became a part of our system of local government.

The amendment gives the citizen the right to recovery.    His claim when reduced to judgment is a claim against the county, to be paid out of the county fund, or if not that, to be paid from taxes levied for that purpose, and a refusal to levy invokes compulsion by mandamus.    The responsibility attached wherever the cause existed; whether the fault was in construction or in suffering the bridge to become dangerous, the responsibility attached because the duty existed.    The statute only affords the remedy.

The petition states that the commissioners had knowledge of this defect long prior to the day the accident happened. This we deem a sufficient allegation of notice of the condition of the bridge; this is followed by the allegation that they suffered it to remain in that condition until it became rotten and unsafe, and collapsed. We deem this a sufficient description of time to make the petition good.

We find no error either in the admission or in the rejection of evidence.

It is urged that Coffman was not connected with nor employed by the owner of the thresher engine upon the tank of which he was riding when the bridge fell; that he was simply a pedestrian, and that being upon this tank, placed him in a position where all dangers were at his own risk. That the county commissioners are not common carriers for hire.

No citizen can become a trespasser while he is legally upon and properly conducting himself upon the public highway. Coffman might have been a tresspaser upon that tank, had he placed himself there without the owner's consent; but the testimony shows he was there with the owner's permission, and rightfully there. He assumed no risk by riding on the tank, so far as defendants are concerned, unless he had knowledge or reason to believe that the bridge was unsafe, but this the testimony fails to establish. Why should he be required to know of this, when those whose duty it was to know did not know? This man was where he had a right to be, riding upon a machine the like of which has become and is of ordinary use, and which are every day and of necessity moving from one farm to another over our public highways. That thresher engines were of common use in Hardin county; that they were a necessity; that they were being moved every day along the highways and over the bridges, was a fact to which the commissioners could not shut their eyes. That it was their duty to keep the bridges safe for such vehicles as ordinarily passed over them, was a fact to which they could not render themselves oblivious. The testimony clearly shows that they had warning that this bridge was unsafe; they were so informed by several witnesses, indeed they even went so far as to repair a part of this same bridge, and while they did this, the testimony shows that to the weakest part, to the part most likely to rot and give way, they paid no attention. They made no inspection; standing off twenty-five feet and looking at one side of a stick of timber is no examination at all.

A careful and critical examination of a structure of that kind, by a man skilled and competent to do so, who knows enough to look at all of it, the weak places as well as the strong, is only ordinary care. In this the commissioners were negligent, and negligent with notice, or with ample means and opportunity to know of the condition of the bridge long enough before the accident to have made it safe.

As to the special requests to charge, the first and second do not, as we think, properly state the law. Absolute knowledge upon the part of the commissioners as to the condition of the bridge was not necessary. If they could have known by use of ordinary care, is sufficient.

We do not think the third request is pertinent to the issues.

As to the fourth, we do not agree with counsel that bridges upon public highways are only made for ordinary wagons and teams with their loads, but think that a bridge with an ordinary thresher engine crossing it, is bearing in these days an ordinary burden only.

The fifth request was given substantially in the charge as given.

The sixth request, which goes to Coffman's right to ride upon the tank, is not the law, and as a whole was properly refused.

The seventh, which fixes the thirteenth of April, 1894—the date of amendment of sec. 845, Rev. Stat.—as the beginning of defendant's liability for negligence, we do not think is the law of this case.

As to the eighth, the part of it which is the law was in substance given.

We find no error in the charge, nor in the refusal to charge.

We find that the verdict is sustained by the evidence.

We find that the damages are not excessive, and that there are no errors in the record.

Judgment affirmed at costs of plaintiff in error, and case remanded for execution.

*John Stillings*, for plaintiff in error.

*Crow & Durbin* and *George E. Crane*, for defendant in error.